IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GRAPE TECHNOLOGY GROUP, INC.,           )
and KGB USA, INC.                       )
                                        )
           Plaintiff,                   )
                                        )
     v.                                 )  C.A NO. 1:08-cv-00408-GMS
                                        )
JINGLE NETWORKS, INC.                   )  JURY TRIAL DEMANDED
           Defendant                    )
                                        )
                                        )
_____ )

## ANSWER OF DEFENDANT JINGLE NETWORKS, INC.

Defendant, Jingle Networks, Inc. ("Jingle"), by and through its attorneys, hereby answers the numbered paragraphs in Plaintiffs, Grape Technology ("Grape") and kgb USA, Inc. ("kgb USA") , Complaint ("Complaint"), as follows:

1.    Jingle states that ¶ 1 is Plaintiff's characterization of its action, requiring no further answer.  To the extent that an answer is required, Jingle denies the allegations contained in ¶ 1**.**

### NATURE OF THE ACTION

2.    Jingle states that the ¶ 2 is Plaintiff's characterization of its action, requiring no further answer.  To the extent that an answer is required, Jingle denies the allegations contained in ¶ 2**.**

**THE PARTIES**

3.      Admit, on information and belief, that Grape is a Delaware Corporation with its principal place of business at 3864 Courtney Street, Suite 411, Bethlehem, Pennsylvania 18017.

4.      Admit, on information and belief, that kgb USA is a Delaware corporation having its principal place of business at 3864 Courtney Street, Suite 411, Bethlehem, Pennsylvania 18017.

5.      Jingle admits that it is a Delaware corporation with its principal place of business at 36 Crosby Dr., Bedford, Massachusetts 01730.  Jingle further admits that it is doing business as 1-800-FREE411.

**JURISDICTION AND VENUE**

6.      Jingle admits that the Complaint purports to allege a cause of action under the patent laws of the United States.

7.      Jingle admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.      Jingle states that the allegations contained in the first sentence of ¶ 8 of the Complaint are conclusions of law, requiring no further answer.  To the extent an answer is required, Jingle admits that Plaintiffs rely on 28 U.S.C. §§ 1391 and 1400(b) to establish that this is the proper venue for its suit.  Jingle denies the allegations contained in the second sentence of ¶ 8 of the Complaint.

773346_1

## FIRST CLAIM

9.      Jingle's answers to paragraphs 1-8 of the Complaint are hereby incorporated by reference as if fully set forth herein.

10.      Jingle admits that a copy of U.S. Patent No. 6,775,371 ("the '371 patent") was attached to the Complaint.  Jingle denies all other averments made in ¶ 10 of the Complaint.

11.      Jingle is without sufficient knowledge or information to form a belief as to the truth of the averments of ¶ 11 of the Complaint and therefore denies the same.

12.      Denied.

13.      Denied.

14.      Denied.

15.      Denied.

## SECOND CLAIM

16.      Jingle's answers to paragraphs 1-15 of the Complaint are hereby incorporated by reference as if fully set forth herein.

17.      Jingle admits that U.S. Patent No. 7,023,969 ("the '969 patent") is entitled "Communication Assistance and Method" and that a copy of the '969 patent was attached to the Complaint.  Jingle denies all other averments made in ¶17 of the Complaint.

18.      Jingle is without sufficient knowledge or information to form a belief as to the truth of the averments of ¶ 18 of the Complaint and therefore denies the same.

19.      Denied.

20.      Denied.

21.      Denied.

22.     Denied

## THIRD CLAIM

23.     Jingle's answers to paragraphs 1-22 of the Complaint are hereby incorporated by reference as if fully set forth herein.

24.     Jingle admits that U.S. Patent No. 6,628,772 ("the '772 patent") is entitled "Method For Providing Enhanced Directory Assistance Upon Command Using Out-Of-Band Signaling" and that a copy of the '772 patent was attached to the Complaint.  Jingle denies all other averments made in ¶ 24 of the Complaint.

25.     Jingle is without sufficient knowledge or information to form a belief as to the truth of the averments of ¶ 25 of the Complaint and therefore denies the same.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied

## FOURTH CLAIM

30.     Jingle's answers to paragraphs 1-29 of the Complaint are hereby incorporated by reference as if fully set forth herein.

31.     Jingle admits that U.S. Patent No. 6,985,569 ("the '569 patent") is entitled "System and Method for Identifying Parties in Bills for Communications Services" and that a copy of the '569 patent was attached to the Complaint.  Jingle denies all other averments made in ¶ 31 of the Complaint and therefore denies the same.

32.     Jingle is without sufficient knowledge or information to form a belief as to the truth of the averments of ¶ 32 of the Complaint and therefore denies the same.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied

## PRAYER FOR RELIEF

Jingle denies that the Plaintiff is entitled to judgment or the relief requested in its prayer for relief.

## FIRST AFFIRMATIVE DEFENSE
(Non-infringement)

37.     Jingle has not infringed, and is not infringing, any claim of the '371 patent, the '969 patent, the '772 patent and the '569 patent.

## SECOND AFFIRMATIVE DEFENSE
(Invalidity)

38.     Each claim of the '371 patent, the '969 patent, the '772 patent and the '569 patent is invalid under 35 U.S.C. §102 for being anticipated by the prior art; is invalid under 35 U.S.C. §103 because the differences between the subject matter claimed and the prior art are such that it would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains; is invalid under 35 U.S.C. §101 as reciting non-statutory subject matter; or is invalid for failure to comply with the requirements of 35 U.S.C. §112.

<u>THIRD AFFIRMATIVE DEFENSE</u>
(Failure to Mark or Give Notice)

39.     Plaintiff's claims are limited pursuant to 35 U.S.C. §287.


<u>FOURTH AFFIRMATIVE DEFENSE</u>

40.     Jingle reserves the right to amend, modify, or supplement the foregoing

defenses based upon further pleadings by the Plaintiff, discovery, or otherwise as arises

during the course of litigation.


<u>COUNTERCLAIMS OF JINGLE</u>

41.     This is an action for declaratory judgment of invalidity and non-

infringement of U.S. Patent No. 6,775,371 ("the '371 patent"), U.S. Patent No. 7,023,969

("the '969 patent"), U.S. Patent No. 6,628,772 ("the '772 patent") and U.S. Patent No.

6,985,569 ("the '569 patent") under the patent laws of the United States, Title 35 United

States Code.


PARTIES

42.     On information and belief, Plaintiff and counterclaim Defendant, Grape

Technology Group, Inc. (hereinafter "Grape") is a Delaware corporation with its

principal place of business at 3864 Courtney Street, Suite 411, Bethlehem, Pennsylvania

18017.

43.     On information and belief, Plaintiff and counterclaim Defendant, kgb USA is a Delaware corporation with its principal place of business at 3864 Courtney Street, Suite 411, Bethlehem, Pennsylvania 18017.

44.     Defendant and counterclaim Plaintiff, Jingle, is a corporation organized under the laws of the state of Delaware with its principal place of business at 36 Crosby Dr., Bedford, Massachusetts 01730.

45.     On information and belief, Plaintiff and counterclaim Defendant, Grape is the assignee of the '371, the '969 patent, the '772 patent, and the '569 patent.

46.     On information and belief, kgb USA is the exclusive license of the '371, the '969 patent, the '772 patent, and the '569 patent.


JURISDICTION AND VENUE

47.     These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States 35 U.S.C. § 1 et seq.

48.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2202 and 2202.

49.     On or about July 3, 2008, Plaintiff filed a Complaint against Jingle (Civil Action No. 1:08-cv-00408-GMS) alleging, *inter alia*, that certain Jingle products, services, methods and/or systems, including 1800FREE411, infringe the '371 patent, the '969 patent, the '772 patent, and the '569 patent.  Jingle denies these allegations.  A copy of the '371 patent, the '969 patent, the '772 patent, and the '569 patent are attached to the Complaint.

773346_1

50.    There is an actual substantial, and continuing justiciable case or controversy between counterclaim Defendants and Jingle regarding the validity and non-infringement of the claims of the '371 patent, the '969 patent, the '772 patent, and the '569 patent asserted by Plaintiffs against Jingle.

51.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (c) and (d) because both counterclaim Defendants are Delaware corporations.

### COUNT I - Invalidity of the '371 Patent

52.    Jingle realleges the allegations set forth in counterclaim paragraphs 41-51.

53.    Each claim of the '371 patent is either invalid under 35 U.S.C. §102 for being anticipated by the prior art; is invalid under 35 U.S.C. §103 because the differences between the subject matter and the prior art are such that it would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains; or is invalid for failure to comply with the requirements of 35 U.S.C. 112.

54.    Jingle is entitled to a judicial declaration that the claims of the '371 patent are invalid.

### COUNT II - Invalidity of the '969 Patent

55.    Jingle realleges the allegations set forth in counterclaim paragraphs 41-54.

56.    Each claim of the '969 patent is either invalid under 35 U.S.C. §102 for being anticipated by the prior art; is invalid under 35 U.S.C. §103 because the differences between the subject matter and the prior art are such that it would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the

subject matter pertains; or is invalid for failure to comply with the requirements of 35 U.S.C. 112.

57.     Jingle is entitled to a judicial declaration that the claims of the '969 patent are invalid.

## COUNT III - Invalidity of the '772 Patent

58.     Jingle realleges the allegations set forth in counterclaim paragraphs 41-57.

59.     Each claim of the '772 patent is either invalid under 35 U.S.C. §102 for being anticipated by the prior art; is invalid under 35 U.S.C. §103 because the differences between the subject matter and the prior art are such that it would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains; or is invalid for failure to comply with the requirements of 35 U.S.C. 112.

60.     Jingle is entitled to a judicial declaration that the claims of the '772 patent are invalid.

## COUNT IV - Invalidity of the '569 Patent

61.     Jingle realleges the allegations set forth in counterclaim paragraphs 41-60.

62.     Each claim of the '569 patent is either invalid under 35 U.S.C. §102 for being anticipated by the prior art; is invalid under 35 U.S.C. §103 because the differences between the subject matter and the prior art are such that it would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains; or is invalid for failure to comply with the requirements of 35 U.S.C. 112.

63.     Jingle is entitled to a judicial declaration that the claims of the '569 patent are invalid.

COUNT V – Non-Infringement of the claims of the '371 Patent

64.     Jingle realleges the allegations set forth in counterclaim paragraphs 41-63.

65.     Jingle has a right to engage in the accused activities with respect to 1800FREE411 without a license from Defendants.

66.     Jingle does not now infringe, and has never infringed any of the claims of the '371 patent.

67.     Jingle is entitled to a judicial declaration that the manufacture, use, sale or offer for sale of 1800FREE411 does not infringe any valid and/or enforceable claim of the '371 patent.

COUNT VI – Non-Infringement of the claims of the '969 Patent

68.     Jingle realleges the allegations set forth in counterclaim paragraphs 41-67.

69.     Jingle has a right to engage in the accused activities with respect to 1800FREE411 without a license from Defendants.

70.     Jingle does not now infringe, and has never infringed any of the claims of the '969 patent.

71.     Jingle is entitled to a judicial declaration that the manufacture, use, sale or offer for sale of 1800FREE411 does not infringe any valid and/or enforceable claim of the '969 patent.

COUNT VII – Non-Infringement of the claims of the '772 Patent

72.     Jingle realleges the allegations set forth in counterclaim paragraphs 41-71.

73.     Jingle has a right to engage in the accused activities with respect to 1800FREE411 without a license from Defendants.

74.     Jingle does not now infringe, and has never infringed any of the claims of the '772 patent.

75.     Jingle is entitled to a judicial declaration that the manufacture, use, sale or offer for sale of 1800FREE411 does not infringe any valid and/or enforceable claim of the '772 patent.

COUNT VIII – Non-Infringement of the claims of the '569 Patent

76.     Jingle realleges the allegations set forth in counterclaim paragraphs 41-75.

77.     Jingle has a right to engage in the accused activities with respect to 1800FREE411 without a license from Defendants.

78.     Jingle does not now infringe, and has never infringed any of the claims of the '569 patent.

79.     Jingle is entitled to a judicial declaration that the manufacture, use, sale or offer for sale of 1800FREE411 does not infringe any valid and/or enforceable claim of the '569 patent.

PRAYER FOR RELIEF

WHEREFORE, Jingle respectfully requests that this Court enter a Judgment and Order:

A.     Dismissing the Complaint as against Jingle with prejudice;

B.     Declaring that each of the claims of the '371 patent, the '969 patent, the '772 patent, and the '569 patent are invalid.

773346_1

C.      Declaring that each of the claims of the '371 patent, the '969 patent, the '772 patent, and the '569 patent are not infringed by Jingle.

D.      Declaring this case to be exceptional pursuant to 35 U.S.C. 285 and awarding Jingle its reasonable attorney fees, costs, and expenses incurred in defending this action.

E.      Preliminarily and permanently enjoining plaintiff Grape and kgb USA, their agents, servants, employees and attorneys, and those persons in active concert or participation with any of them, from directly or indirectly charging or maintaining any action for infringement, inducement of infringement or contributory infringement of the '371 patent, the '969 patent, the '772 patent, and the '569 patent against defendant Jingle or any other person or entity in privity with Jingle including without limitation Jingle's successors, assigns, agents, suppliers and customers;

F.      Awarding to Jingle such other and further relief as may be just and proper under the circumstances.

### *JURY DEMAND*

Jingle hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

DILWORTH PAXSON LLP

/s Peter C. Hughes_____
Peter C. Hughes, Esquire
I.D. No. 4180
One Customs House
Suite 500
704 King Street
Wilmington, DE  19801
Date: August 27, 2008                              (302) 571-9800

773346_1

*Of Counsel:*

| | |
|---|---|
| Mark F. Evens | James J. Rodgers |
| Robert E. Sokohl | Kristen L. Repyneck |
| Michael D. Specht | **Dilworth Paxson LLP** |
| Lori A. Gordon | 3200 Mellon Bank Center |
| **Sterne, Kessler, Goldstein & Fox P.L.L.C.** | 1735 Market Street |
| 1100 New York Ave., N.W. | Philadelphia, PA 19103 |
| Suite 800 | (215) 575-7000 |
| Washington, D.C. 20005-3934 | |
| (202) 371-2600 | |

*Attorneys for Defendant / Counter-Claimant Jingle Networks, Inc.*

773346_1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on August 27, 2008 a copy of the foregoing

Defendant's Answer and Counterclaims to Plaintiff's Complaint was served

electronically to all attorneys of record in this matter by operation of the Court's

electronic filing system, and/or by first class mail, postage prepaid, as follows:

Jack B. Blumenfeld, Esq.
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19801

Nicholas Groombridge, Esq.
Weil Gotshal & Manges
767 Fifth Avenue
New York, NY  10153

/s Kristen L. Repyneck
Kristen L. Repyneck, Esquire
DILWORTH PAXSON LLP

**This document has been electronically filed and is available for viewing and downloading from the ECF system.**

773346_1