```
 1                    IN THE UNITED STATES DISTRICT COURT

 2                    IN AND FOR THE DISTRICT OF DELAWARE

 3                              -  -  -

 4     GRAPE TECHNOLOGY GROUP, INC.,    )      Civil Action
       and KGB USA, INC.,              )
 5                                     )
                   Plaintiffs,         )
 6                                     )
           v.                          )
 7                                     )
       JINGLE NETWORKS, INC.,          )
 8                                     )
                   Defendant.          )      No. 08-408-GMS
 9
                               -  -  -

10
                        Wilmington, Delaware
11                      Thursday, December 9, 2010
                             12:10 p.m.
12
                               -  -  -
13
       BEFORE:  HONORABLE GREGORY M. SLEET, Chief Judge,
14                                      and a Jury

15     APPEARANCES:

16             RODGER D. SMITH, II, ESQ.
               Morris, Nichols, Arsht & Tunnell LLP
17                  -and-
               NICHOLAS GROOMBRIDGE, ESQ.,
18             MICHAEL EISENBERG, ESQ.,
               ALFREDO PEREZ DE ALEJO, ESQ., and
19             ROBERT WATKINS, ESQ.
               Weil, Gotshal & Manges
20             (New York, N.Y.)

21                             Counsel for Plaintiffs

22

23
                          SIXTH DAY OF TRIAL
24

25
```

1   **APPEARANCES CONTINUED:**

2             **MARY MATTERER, ESQ.**
          **Morris James LLP**
3                  **-and-**
          **H. KEETO SABHARWAL, ESQ.,**
4         **ROBERT E. SOKOHL, ESQ.,**
          **MARK FOX EVENS, ESQ.,**
5         **DONALD R. BANOWIT, ESQ., and**
          **LORI A. GORDON, ESQ.**
6         **Sterne, Kessler, Goldstein & Fox P.L.L.C.**
          **(Washington, D.C.)**
7
                         **Counsel for Defendant**
8

9
                    **-  -  -**
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1      THE COURT:  Good afternoon.  Please be seated.

2           Ms. Walker, will you pass out to each side a

3  copy of the jury's question.  I will read it into the

4  record.  The question doesn't have a time on it, but I guess

5  it's been about 15 minutes or so, maybe 20, I don't know.

6           The question reads:  "Your Honor, under the

7  doctrine of equivalents, do all three (function, way, and

8  result)," -- let me start again.

9           "Under the doctrine of equivalents, do all three

10  (function, way, result), need to be present to find

11  infringement or does just one or more need to be present?"

12           Signed by, I gather, the foreperson.

13           Counsel, I have thought about this question.  I

14  am certainly interested in entertaining your suggestions.

15  Here is my thought.  That is, to take us back to Page 24,

16  that is, 3.5 -- do you have your final instructions with

17  you?

18           MR. GROOMBRIDGE:  I do not, Your Honor.  But I

19  think I remember it well enough.

20           THE COURT:  You should bring them with you to

21  these conferences.

22           Here is what I am proposing to do.  That is, at

23  least to, in part, paraphrase and then literally re-read a

24  small section.  And let me read it out loud to you.

25           I am at Page 24 for the record.  In the second

 1    full paragraph, first sentence:

 2              As I have noted, to infringe a patent, every

 3         claim element must be present in the accused product.

 4              And I propose to instruct as follows:  I am

 5    sorry, my handwriting.

 6              One way a claim element may be found to be

 7         present in the accused product is for it to be

 8         literally present, that is, it exists literally in the

 9         accused product just as described in the claim,

10         literal infringement.  Another way a claim element may

11         be found to be present in an accused product is under

12         the doctrine of equivalents.

13              Then going back to the original instruction.

14              A claim element is present in an accused product

15         under the doctrine of equivalents if the differences

16         between the claim element and a corresponding aspect

17         of the accused product are insubstantial.  One way to

18         determine -- and I will probably emphasize "one

19         way" -- one way to determine this is to look at

20         whether or not the accused structure performs

21         substantially the same function, in substantially the

22         same way, to achieve substantially the same result as

23         the element in the claimed invention.  Another way --

24         or I could say, One test to determine, perhaps,

25         that -- either way -- another way, or another test, is

1    to consider whether or not people of skill, ordinary

2    skill in the art believe that the structure of the

3    accused product and the element recited in the

4    patent claim are interchangeable.

5    That's it.

6    MR. SABHARWAL:  Your Honor, I don't think Mr.

7    Groombridge is going to disagree with this.  It seems to me

8    from the question that they are saying, do we need to find

9    all three, that it has substantially the same function, with

10   substantially the same way, to achieve substantially the

11   same result?  The answer to that is yes.

12   THE COURT:  It is.

13   MR. GROOMBRIDGE:  Your Honor, we think your

14   formulation is exactly right.  With some clarification, if

15   you want to pick, as one possible way, the function, way,

16   result test, then you would have to find all three to be

17   substantially there.  That would be acceptable to us as

18   well.

19   THE COURT:  I am not sure that there is not some

20   misunderstanding as to what their task is at this point.

21   You are right, Mr. Sabharwal, the short answer

22   to the question is yes.  But I do want to remind them, I

23   think, of the various ways in which they can find

24   infringement.  That is, literally or under the doctrine.

25   I could add:

```
 1              In short, ladies and gentlemen, the answer to

 2         your question is yes, when I go into that "one way to

 3         determine" section of the instruction, that is, One

 4         way to determine this is to look and see whether or

 5         not the accused structure performs substantially the

 6         same function, in substantially the same way, to

 7         achieve substantially the same result, and say at the

 8         end of that, The short answer to your question, ladies

 9         and gentlemen, is you must find, in order to find

10         infringement, you must -- do you have it?

11              MR. SABHARWAL:  It looks like they are saying,

12    Do we need all three or do we need just one?  The answer is

13    you need all three.  That is really the question they are

14    asking.

15              THE COURT:  Hold on.  Sit down for a second.

16              (Pause.)

17              THE COURT:  Try this on for size:  After the

18    word invention, where we describe function, way, and result:

19              To answer your question directly, in order to

20         find infringement by the doctrine of equivalents,

21         applying the function, way, result test, you must find

22         that the structure meets all three parts of the test.

23              MR. GROOMBRIDGE:  Your Honor, that is fine with

24    us.

25              MR. SABHARWAL:  That is fine with us.
```

1    MR. GROOMBRIDGE:  We want to make sure it's

2    emphasized that is only one way.

3    THE COURT:  That's why I will go into the next

4    sentence:

5    Another test, or another way, is to find that a

6    person of ordinary skill would find the accused

7    product and the element recited interchangeable.

8    MR. GROOMBRIDGE:  Fine.

9    THE COURT:  Then let's bring the jury in, Ms.

10   Walker.

11   (Jury enters courtroom at 12:20 p.m.)

12   THE COURT:  Good afternoon, ladies and

13   gentlemen.  Please take your seats.

14   So, members of the jury, you have penned a

15   question through your foreperson to me as follows:

16   "Under the doctrine of equivalents, do all three

17   (function, way, and result), need to be present to find

18   infringement or does just one or more need to be present?"

19   I will answer your question as follows.  And I

20   am going to refer you back to, in part, I am going to

21   paraphrase the instruction at Page 24 of your final jury

22   instructions, and say to you:

23   As I have noted, to infringe a patent, every

24   claim element must be present in the accused product.  Now,

25   one way a claim element may be found to be present in the

        1    accused product is for it to be literally present, as you

        2    know, that is, if it exists literally in the accused product

        3    just as described in the claim.  Another way a claim element

        4    may be found to be present in an accused product is under

        5    the doctrine of equivalents.

        6              That's what you have asked about.

        7              A claim element is present in an accused product

        8    under the doctrine of equivalents if the differences between

        9    the claim element and the corresponding aspect of the

       10    accused product are insubstantial.

       11              Now, one way or test, one way or test to

       12    determine this is to look at whether or not the accused

       13    structure performs substantially the same function, in

       14    substantially the same way, to achieve substantially the

       15    same result as the element in the claimed invention.

       16              To answer your question directly, in order to

       17    find infringement by the doctrine of equivalents, applying

       18    the function, way, result test, you must find that the

       19    structure meets all three parts of the test.

       20              Another way, another test, is to consider

       21    whether or not a person or people of ordinary skill in the

       22    art believe that the structure of the accused product and

       23    the element recited in the patent claim are interchangeable.

       24              Two different ways to determine doctrine of

       25    equivalents that we have given you.

```
 1              Okay?

 2              Please resume your deliberations.

 3              (Jury leaves courtroom at 12:24 p.m.)

 4              (Recess taken.)

 5              THE COURT:  Counsel, we have been advised that

 6    the jury has a verdict.

 7              Ms. Walker.

 8              (Jury enters courtroom at 1:25 p.m.)

 9              THE COURT:  Please take your seats, ladies and

10    gentlemen.

11              Members of the jury, who speaks for you?

12              THE FOREPERSON:  I do, Your Honor.

13              THE COURT:  Will you please rise, Juror No. 5.

14              CHIEF DEPUTY CLERK WALKER:  Juror No. 5, have

15    you and your colleagues arrived at a unanimous verdict?

16              THE FOREPERSON:  Yes, we have, Your Honor.

17              THE COURT:  Will you please pass the verdict

18    form over to Ms. Walker so that I may inspect it.

19              (Foreperson passes verdict sheet to Chief Deputy

20    Clerk Walker.)

21              (Chief Deputy Clerk Walker passes sheet to

22    Court.)

23              (Pause.)

24              (Court passes sheet back to Chief Deputy Clerk

25    Walker.)
```

```
 1              THE COURT:  All right.  Ladies and gentlemen,

 2   please harken to your verdict, as Ms. Walker is about to

 3   announce it.  You may be polled individually by one or both

 4   parties.  Be aware of that.

 5              Ms. Walker.

 6              CHIEF DEPUTY CLERK WALKER:  We, the jury, having

 7   duly deliberated on the evidence presented by the parties:

 8   On the issue of patent infringement, infringement of the

 9   '371 patent:  Has Grape proven by a preponderance of the

10   evidence that Jingle's directory assistance service

11   literally infringes the following claims?

12              As to the '371 patent.

13              As to Claim 4:  No.  Claim 5:  No.  Claim 7:

14   No.  Claim 8:  No.

15              On the issue of infringement of the '969 patent,

16   has Grape proven by a preponderance of the evidence that

17   Jingle's directory assistance service infringes the

18   following claims of the '969 patent under the doctrine of

19   equivalents?

20              As to Claim 1:  No.  Claim 5:  No.

21   Claim 20:  No.  Claim 25:  No.

22              As to patent validity, validity of the '371

23   patent, has Jingle proven by clear and convincing evidence

24   that any of the following claims of the '371 patent is

25   invalid?
```

1          As to Claim 4:   No.  As to Claim 5:  No.  As to

2     Claim 7:  No.  As to Claim 8:  No.

3          As to validity of the '969 patent, has Jingle

4     proven by clear and convincing evidence that any of the

5     following claims of the '969 patent is invalid?

6          As to Claim 1:  No.  As to Claim 5:  No.  As to

7     Claim 20:  No.  As to Claim 25:  No.

8          THE COURT:  All right.  The verdict having been

9     arrived at and announced, counsel, do either one of you wish

10    to have the jury polled?

11         MR. SABHARWAL:  No, Your Honor.

12         MR. GROOMBRIDGE:  No, Your Honor.

13         THE COURT:  Okay.  The Court will find the jury

14    has arrived at a unanimous verdict.  It has been announced.

15         And the Court will discharge you, ladies and

16    gentlemen, after the verdict is recorded, with the thanks of

17    the parties and the Court.

18         Thank you have much for your service.

19         (At 1:29 p.m. the jury was excused.)

20         THE COURT:  You may be seated.

21         So counsel, as to post-verdicts, please file

22    what you must within the time limits provided.  And then you

23    can agree upon a briefing schedule, after you have had a bit

24    of an opportunity to decompress, and submit that to the

25    Court within a week or so.  And that is it, insofar as the

1    process is concerned.

2                 I do remain curious as to whether -- this is off

3    the record.

4                 (Discussion off the record.)

5                 THE COURT:  Counsel, it is my practice, we

6    follow the Delaware Supreme Court's guidance in this, I am

7    not sure exactly why, but since they are the licensing

8    authority for lawyers in the district in which I sit, we

9    typically do not permit lawyers to meet with the jury

10   afterwards.  But I do.  For anyone who is interested in any

11   constructive comments that the jury might have to pass along

12   to you, if you want to stay, you are welcome to do so.  And

13   I will come out to see if you are here and pass them along.

14   Okay?

15                 All right, counsel.

16                 (Trial concluded.)

17                             -  -  -

18

19

20

21

22

23

24

25